IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-01573-CNS

INNOVATION PARTNERS, LLC, a North Carolina Limited Liability Company,

Plaintiff,

v.

INVESTORS PREFERRED LIFE INSURANCE COMPANY, a South Dakota Insurance Company;
ALAN R. JAHDE;
FA SERIES FUND MANAGEMENT, LLC, a Colorado limited liability Company;
FRANCISCO SOLER; and
MAS ADVISORS LLC, a Florida Limited Liability Company,

Defendants.

---

**ORDER**

---

Before the Court is Plaintiff's fully briefed Motion to Conduct Jurisdictional Discovery and to Stay Motion to Dismiss Briefing. ECF No. 47. For the following reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion. The Court grants Plaintiff's request for jurisdictional discovery but does so with limitations discussed further below. In analyzing Plaintiff's motion, the Court presumes familiarity with this case's factual and procedural background, as well as the parties' briefs and attendant evidentiary submissions.[1]

[1] While Plaintiff defines the parties seeking dismissal as the "Moving Defendants," ECF No. 47 at 1, the Court refers to them as "Defendants" throughout this order for ease of reference.

Plaintiff seeks jurisdictional discovery on the grounds that it is necessary in order to respond to "the factual assertion on which the Motion to Dismiss depends." ECF No. 47 at 5. And Plaintiff correctly observes that such jurisdictional issues must be addressed before the Court considers any arguments that attend the merits and plausibility of Plaintiff's claims. *See id.*; *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction . . . ." (citation modified)). But Defendants counter that Plaintiff has not made the "required showing" that warrants jurisdictional discovery, ECF No. 49 at 3, as well as that the discovery Plaintiff seeks ultimately concerns the merits of Plaintiff's claims, rather than any jurisdictional issues, *id.* at 8 (arguing that Plaintiff's requests "probe merits issues" (citation modified)).

The Court disagrees with Defendants on these points. Plaintiff has met its burden of showing that, in light of the jurisdictional challenges that Defendants mount in urging dismissal, jurisdictional discovery is proper. *See Am. Fam. Mut. Ins., Co. v. Robert Bosch, LLC*, No. 23–cv–00455–DDD–NRN, 2023 WL 8479021, at *6 (D. Colo. Dec. 7, 2023) (explaining that a plaintiff bears the burden of showing "entitlement to jurisdictional discovery" (citation modified)). Moreover, Plaintiff has alleged facts that adequately "suggest, with reasonable particularly, the possible existence of the requisite contacts" such that granting Plaintiff's motion is proper. *Id.* at *6 (citation modified); ECF No. 1 at 5–10. These allegations show that, contrary to Defendant's arguments, Plaintiff has adequately alleged facts that could establish the requisite contacts and jurisdiction. *Cf.*

ECF No. 49 at 10. Nor are Plaintiff's "conspiracy allegations . . . too conclusory to justify jurisdictional discovery." *Compare id.* at 13 (citation modified), *with* ECF No. 1 at 16.

At bottom, Plaintiff has established there is more than "only a low probably that additional discovery would lead to facts sufficient to support a finding of personal jurisdiction." *Ubel v. Progressive Direct Ins. Co.*, No. 1:20–cv–00204–RM–NYW, 2020 WL 5803323, at *3 (D. Colo. June 9, 2020) (citation modified). Moreover, courts have granted requests for jurisdictional discovery where, as here, cases and dismissal motions present questions of corporate and alter-ego relationships. *See, e.g., Kitchen Cafe, LLC v. Wolfgang Puck Licensing LLC*, No. 16–cv–02814–MEH, 2017 WL 11547022, at *4 (D. Colo. Mar. 23, 2017) ("Because there exist factual issues concerning the structure among WPL, Worldwide, and Express, the latter of which admittedly has a possible tie to Colorado, the Court finds good cause to allow limited discovery into the relationship of the three entities and their activities (if any) in Colorado for purposes of determining general personal jurisdiction." (citation modified)). And denial of Plaintiff's motion would result in impermissible prejudice against Plaintiff, particularly where—as discussed below—the Court narrows its discovery requests. *See Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010) (observing courts abuse discretion when "refus[ing] to grant jurisdictional discovery . . . results in prejudice to a litigant" and concluding that "prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary" (citation modified)).

Furthermore, Defendants have attached declarations to their dismissal motion in support of their contention that TLG had relocated its headquarters by April 3, 2025, such that the operative events underlying this lawsuit "all occurred while TLG was 'headquartered in New Jersey, not Colorado,'" and thus that Plaintiff errs in asserting this Court has jurisdiction over its claims. ECF No. 47 at 7 (citation modified). This underscores the propriety of Plaintiff's requests for jurisdictional discovery. *See, e.g., Ubel*, 2020 WL 5803323, at *3 ("When a defendant moves to dismiss for lack of jurisdiction, either party *should* be allowed discovery on the factual issues raised by that motion." (citation modified)); *Charnoff v. Loving*, No. 19–cv–2381–LTB–MEH, 2020 WL 5803294, at *2 (D. Colo. May 28, 2020) (concluding case filings connected to motion to dismiss "demonstrate[d] a lack of clarity regarding the relationship between and the role played by various entities/parties in the transactions at issue" and that this "warrant[ed] an opportunity for further development" because plaintiff "met his burden of demonstrating a need for limited discovery to further establish the facts relevant to the jurisdictional issues" raised by motion to dismiss (citation modified)). Especially where "jurisdictional discovery could substantially assist" the Court's jurisdictional analysis in the *dismissal* context. *Cont'l Cas. Co. v. Arrowrock, LLC*, No. 19–cv–03631–DDD–MDB, 2022 WL 17975484, at *5 (D. Colo. Dec. 28, 2022).

For these reasons, Plaintiff has met its burden of showing that tailored jurisdictional discovery is appropriate. *See Robert Bosch*, 2023 WL 8479021, at *6. At bottom, *limited* discovery would appropriately test whether TLG is subject to jurisdiction, *see* ECF No. 47 at 8, as well as whether "Tiryam is an agent or alter ego of MAS Advisors, and also

whether MAS Advisors directed or controlled Soler's and Tiryam's conduct," *id.* at 9. *See also Pro. Background Screening Ass'n v. Weiser*, No. 25–cv–00295–PAB–CYC, 2025 WL 2898367, at *3 (D. Colo. Oct. 10, 2025) ("Of course, discovery should be ordered circumspectly and only to verify allegations of specific facts . . . and a discovery order should be narrowly tailored to the precise jurisdictional fact question presented." (citation modified)); *Charnoff*, 2020 WL 5803294, at *2; *Kitchen Cafe*, 2017 WL 11547022, at *4. And given the *jurisdictional* nature of the limited discovery that the Court grants, the Court rejects Defendants' argument that such discovery is merely about the merits of Plaintiff's claims. *Cf.* ECF No. 49 at 5. After reviewing Plaintiff's discovery requests, the Court is unpersuaded that Plaintiff's discovery requests overstep and improperly "probe merits issues," *id.* at 8, particularly where narrowed in the manner that Defendants themselves suggest.

Having arrived at this conclusion, the Court must, as indicated above, determine the proper scope of the jurisdictional discovery that Plaintiff seeks. Defendants urge limitations on the discovery sought by Plaintiff. *See* ECF No. 49 at 15. The Court agrees that such limitations are proper. *See Professional Background Screening*, 2025 WL 2898367, at *3.

To illustrate the point, in Exhibit A to the motion, a proposed production request submitted by Plaintiff, Plaintiff seeks in its first request for production not only the "Management Incentive Compensation Plain Award Agreement between MAS Advisors LLC and Francisco Soler dated September 27, 2023," but also "*all* other agreements, policies, handbooks, or other documents governing the terms of Mr. Soler's engagement

with MAS Advisors, including *without limitation any policies* governing outside business activities, conflicts of interest, or the requirement to obtain MAS Advisors' approval before engaging in outside work, and *all* documents reflecting *any* request by Mr. Soler for such approval and *any* response thereto." ECF No. 47-1 at 4 (emphases added). Courts routinely conclude that similar requests seeking such a wide breadth of documents are overbroad, and the Court discerns no reason for disagreement. *See, e.g., Caban v. Sedgwick Cnty. Sheriff's Dep't*, No. 98–1196–CM, 2000 WL 1480481, at *3 (D. Kan. May 18, 2000) (concluding in race discrimination case that plaintiffs' request for "all documents reflecting or concerning the criteria for promotions of" other individuals within large time period was "overly broad and unduly burdensome," and therefore only requiring defendant to "produce only those documents which describe the promotion criteria" from a narrower time period); *Weaving v. City of Hillsboro*, Civ. No. 10–1432–HZ, 2011 WL 1938128, at *2 (D. Or. May 20, 2011) (finding request for production was "too broad" where plaintiff sought "'any and all'" email correspondences between [two employees] from January 2009 to April 2009, which include[d] emails unrelated to his claims").

The Court's ultimate conclusion—that Plaintiff has met his burden to seek tailored jurisdictional discovery—is supported by other courts that have likewise granted discovery requests but limited their scope. *See, e.g., U.S. Equal Emp. Opportunity Comm'n v. Exxon Mobil Corp.,* 347 F.R.D. 451, 469 (M.D. La. 2024) (concluding request for production, "as written, [was] overly broad" but still "requir[ing] [the defendant] to produce non-privileged documents and communications" generated by specific individuals named in a response to interrogatory and that related to specific factual circumstance

underpinning the plaintiff's claims); *In re Dealer Mgmt. Sys. Antitrust Litig*., No. 18 C 864, 2018 WL 6048262, at *4 (N.D. Ill. Nov. 19, 2018) (concluding request for "'all documents and communications' in production request "may be overly broad, but [that] certainly documents sufficient to support plaintiffs' alleged injuries and claims for damages must be produced" (citation modified)); *Weaving*, 2011 WL 1938128, at *2.

* * *

Consistent with the above analysis, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion. ECF No. 47. In doing so, the Court does not grant Plaintiff broad latitude in seeking discovery. Although the Court grants Plaintiff's request, the Court does so with the sensible limitations proposed by Defendants. *See* ECF No. 49 at 15. Plaintiffs may serve Defendants with revised production requests and a revised subpoena, consistent with the Court's order and limitations identified by Defendants, within fourteen days of this order. The Court grants Defendants 30 days to respond to Plaintiff's requests.

Given the Court's conclusion in this order, the Court DENIES WITHOUT PREJUDICE Defendants' pending Motion to Dismiss. ECF No. 30. Of course, Defendants may refile such a motion, should they choose to do so, after the parties have engaged in the limited jurisdictional discovery identified above. Before refiling any dismissal motion, the parties SHALL CONFER to determine, if possible, which issues the pending motion currently raises may be narrowed or eliminated for a subsequent dismissal challenge.

DATED this 19th day of October 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge